[No. 4689. Decided July 29, 1903.]

R. B. TOLSMA, *Respondent*, v. GEORGE B. ADAIR *et al.*, *Appellants*.

LANDLORD AND TENANT — UNLAWFUL DETAINER — MERGER OF ESTATES.

Where the lessee of a building sublets the second and third floors for the whole of the term of several years for $50 a month, and subsequently the second floor is surrendered by the subtenant, who then pays $20 per month, and the sub-tenant testifies that it was only a temporary surrender until he had use for it, while his landlord testifies that it was an absolute surrender

and claims a merger, a verdict of restitution in favor of the sub-tenant and damages for detention resolves the question in his favor, and there could be no merger of estates by the temporary surrender.

SAME.

There was no merger in law, because there was an intermediate estate, retained by the sub-tenant, who did not yield his whole estate, but only carved out a lesser estate, a tenancy from month to month for a limited time.

SAME.

The fact that the tenant ceased to pay the $50 per month, is not conclusive as to the merger, and the fact that he continued to pay one-half the water rent of the whole building is argumentative support for his contention that there was no merger.

Appeal from Superior Court, King County—Hon. ARTHUR E. GRIFFIN, Judge. Affirmed.

*I. D. McCutcheon* and *Peters & Powell,* for appellants:

When the lesser and greater estates meet without any intermediate estate there is a merger, and a person cannot be at the same time both landlord and tenant of the same premises. 2 Taylor, Landlord & Tenant (8th ed.), § 502; Wood, Landlord & Tenant, § 505. *Williams v. Jones,* 1 Bush, 621; *Grimman v. Legge,* 8 B. & C. 324; *Auer v. Penn,* 99 Pa. St. 370; *Logan v. Anderson,* 2 Doug. (Mich). 101.

There was a surrender of the second story. *Lyon v. Reed,* 13 Mees. & W. 285; *Dills v. Stobie,* 81 Ill. 202; *Talbot v. Whipple,* 14 Allen, 177; Taylor, Landlord & Tenant (8th ed.), § 515; Wood, Landlord & Tenant, §§ 495, 497.

A lease for a term of years may be terminated by the landlord's resuming control with the tenant's consent. *Williams v. Jones,* 1 Bush, 621; *Donkersley v. Levy,* 38 Mich. 55; *Logan v. Anderson,* 2 Doug. (Mich). 101;

*Baker v. Pratt,* 15 Ill. 568; *Welcome v. Hess,* 90 Cal. 507; *Gray v. Kaufman Dairy, etc., Co.,* 162 N. Y. 388 (49 L. R. A. 580); *Lamson Consol. Store Service Co. v. Bowland,* 114 Fed. 639.

All the foregoing propositions are upheld by the following: *Smith v. Pendergast,* 26 Minn. 318; *Stobie v. Dills,* 62 Ill. 432; *Mitchell v. Blossom,* 24 Mo. App. 48; *Martin v. Stearns,* 52 Iowa, 345; *Bedford v. Terhune,* 30 N. Y. 453; *Auer v. Penn,* 99 Pa. St. 370; *Hill v. Robinson,* 23 Mich. 24; *Welcome v. Hess,* 25 Am. St. Rep. 145.

*Ballinger, Ronald & Battle (A. J. Tennant,* of counsel), for respondent.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by respondent against appellants to recover possession of the second story of the building designated as No. 309 Occidental avenue, in the city of Seattle, which it is alleged is unlawfully detained by appellants. The cause was tried before a jury and a verdict was returned that respondent is entitled to restitution of the premises, and to recover damages in the sum of $270. Appellants moved for a new trial, which was denied, and judgment was entered in accordance with the verdict. The case is now before this court on appeal from said judgment.

The facts are substantially as follows: The building which contains the floor in question is a three-story brick structure having also a basement floor. On October 30, 1899, the New England Northwestern Investment Company was the owner of the property, and on said date the said company, in writing, leased the entire building to respondent for a term of two and one-half years from

November 1, 1899. The lease contained a provision, giving to respondent, as lessee, the option to continue the lease upon the same terms for an additional period of two and one-half years. On December 4, 1899, respondent, with the consent of the lessor, assigned said lease to George H. Adair. The assignee took said assignment for the use and benefit of appellants as partners. The assignment was made by respondent having in view the fact that his business required the use of no more of said building than the second and third floors, and the partnership composed of appellants desired to use and occupy the first floor and the basement for their business. It was, therefore, agreed that for certain purposes of convenience, not necessary here to state, respondent should assign the lease to the entire building and should at the same time receive for himself from the assignee a lease for the second and third floors of the building for the same term, including also the additional term under the option as covered by the main lease. The rent to be paid by respondent for said two floors was $50 per month, and he was also to pay one-half the water rates for the building. The assignee of the main lease, in behalf of appellants, made to respondent a lease in writing of the above import, and respondent continued in possession of the second and third floors as a sub-tenant of appellants, and regularly paid them the stipulated rent of $50 per month, and also one-half the water rates for the building. This arrangement continued for some time, and during a part of the time respondent leased the second floor to others. Inasmuch as respondent did not have continual use for the second floor in his own business, appellants desired to procure its use for their business. After some negotiations an arrangement was verbally effected, by which appellants were to occupy the second floor. Respondent first valued the

monthly rental of the floor at $35, but finally agreed upon $30, and under the new arrangement he paid to appellants $20 per month and one-half the water rates for the building. The latter sum, it will be observed, was the amount left of the monthly rental paid by respondent to appellants under his written lease from them for both the second and third floors, after deducting the $30 for the use of the second floor by appellants. Here arises the difference between the parties upon which this action is founded. It will be remembered that respondent's sublease from appellants for the two upper floors covered the entire term of the main lease for the whole building, which was then held by appellants. Respondent testified, in effect, that as he had no immediate use for the second floor, it was agreed that appellants could occupy it upon the terms above stated until such time as he desired it for his own use. He therefore contends that appellants became his tenants from month to month for the second floor. One of the appellants, upon the other hand, testified that nothing was said by respondent about their occupying said floor until such time as he desired it, and appellants contend that there was an absolute surrender to them of respondent's estate in the second floor, and that, since they held the greater estate—the lease for the whole building— the smaller estate thereby was merged in the greater. Respondent's business having enlarged so that he desired to re-occupy the second floor, he proceeded upon the theory that appellants were his tenants for said floor, and gave them notice that the tenancy was terminated. They refused to surrender possession, and this suit followed.

The verdict of the jury amounts to a finding that respondent's contention as to the facts is correct. Under that theory there could have been no merger. A smaller estate

was simply carved out of respondent's estate, and was held for the time being by appellants. Appellants urge that respondent's position is untenable, in that it makes him both tenant and landlord of his landlord. He did not, however, undertake to become landlord of the entire estate which he held as a tenant, but only of a portion thereof, and he did not surrender his entire estate in any portion of his tenancy. It is true, he was the tenant of appellants, holding an estate that included the two upper floors of the building, but it cannot be doubted that he could have created a smaller estate out of the one held by him by sub-letting to a third party. Holding, as he did, a definite estate for a given time, we see no reason why he could not grant to appellants a smaller one therefrom, reserving some estate in himself, in the same manner he might have done to another person. Respondent's position upon the facts demolishes the theory of a merger, since the estate granted to appellants under respondent's testimony was a limited one, and was not a surrender of the whole estate. It did not include the whole of respondent's estate in the second floor of the building, but was limited to such time as he should choose to end it. Since respondent did not yield his entire estate in the second story, he therefore had a reversionary interest therein, with the right to enter into the enjoyment of the same at any time when he chose to terminate appellant's estate, which was a tenancy from month to month only. At law the rule as to merger is more inflexible than in equity, the latter having more regard for the intention of the parties and the injustice that might follow from permitting a merger. But at law the rule is that, where a greater and lesser estate coincide and meet in the same person and in the same right, without any intermediate vested estate, the lesser is immediately

annihilated, and is said to be merged. 20 Am. & Eng. Enc. Law (2d ed.), 588; Anderson's Law Dictionary, 671; 2 Bouvier's Law Dictionary (Rawle's Revision), 400, 401. The above definition is elementary, and has been followed generally by the authorities, which it seems unnecessary to cite here. It will be observed that one element necessary to create a merger is that there shall be no intermediate estate between the two that have come together in the same person. Under the facts here, as they must have been found by the jury, there was such intermediate estate. Respondent did not yield his whole estate in the second story, and that which he retained became intermediate between what he did yield and the greater estate held by appellants. There was, therefore, no merger. If respondent had assigned or surrendered to appellants his entire leasehold estate for the entire term of his lease, then there would have been no intermediate estate, and a merger would have resulted. The same might also have been true of the second story if he had surrendered his entire estate therein.

It is argued by appellants that after they began to occupy the second floor the respondent ceased to pay them rent for any but the third floor, and that this fact shows that he surrendered the second floor. Respondent, upon the other hand, claims that since he was obligated under his lease to pay appellants $50 per month, and they, under their sub-lease, were to pay him $30 per month, it was agreed that, to avoid a double payment, the one account should offset the other each month to the extent of $30, and that he should monthly pay the difference of $20. This method he says was pursued for mere convenience in adjustment of accounts. The fact as to the method of payment is in no sense conclusive against respondent, and the

jury have determined it in his favor. A further fact in connection with the payment may be said to weigh in respondent's favor. After he sub-let to appellants, he continued to pay the same water rates he had previously paid; that is to say, one-half the rates for the entire building. Appellants occupied the basement and two other floors of the building, while respondent occupied but a single floor. If appellants were not respondent's tenants for the second floor, and if the latter had absolutely surrendered it, then the former stood in the position of holding an estate in three floors of the building, while the latter held but one, and yet he paid the same water rates as those whose estate covered three times the space of his own. This is not a conclusive fact one way or the other, but it may be urged as at least argumentative in favor of respondent's position, wherein he claims that appellants were his tenants for the second floor, and that he provided the water service of that floor for their use. All these facts have been resolved by the jury against appellants. Some complaint is made of the court's instructions, but we think they correctly and pointedly stated the law applicable to the issues as joined.

We find no error, and the judgment is affirmed.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.